WILLIAM A. ULMAN, RESPONDENT, v. WILLIAM M. GREEN-
WOOD, APPELLANT.

Submitted December 9, 1912—Decided March 3, 1913.

An order striking out a demurrer which is so framed as to prejudice,
embarrass or delay a fair trial of the action, cannot be reviewed
on writ of error unless and until it is incorporated in the record
of the final judgment entered in the cause.

On appeal from a rule of the Supreme Court striking out
a demurrer to a declaration.

For the appellant, *Queen & Stout.*

For the respondent, *August C. Streitwolf, Jr.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant in this case de-
murred to the plaintiff's declaration, which was founded upon
a New York judgment. The demurrer was stricken out by
the court on the ground that it was so framed as to prejudice,
embarrass or delay a fair trial of the action. The order strik-
ing out the demurrer granted the defendant leave to file
an answer to the declaration within twenty days after the
service of a copy of the order. The defendant refused to ac-
cept this privilege, and took this appeal within the time
granted to answer.

Our Practice act (*Comp. Stat., p.* 4086, § 110) permits that
when any pleading is ordered to be stricken out because so
framed as to prejudice, embarrass or delay a fair trial of the
action, the order may be entered on the record, if required by
the party against whom the same is made, and error may be
assigned thereon. The record referred to in this provision is
the judgment record, and until that is made up, manifestly,
the rule cannot be entered upon it. It is entirely settled that
there can be no review in this court of any interlocutory order

of an inferior court of law until after the entry of final judgment. If the defendant desired to stand or fall upon the validity of his demurrer, he should have seen to it that judgment by default was entered against him and that the order striking out the demurrer was made a part of the record of that judgment. *Blessing* v. *McLinden,* 52 *Vroom* 380.

No final judgment having been entered against the defendant, so far as the case shows, the appeal is premature, and must be dismissed.